OPINION JUDGMENT ENTRY
{¶ 1} On December 1, 2002, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Nyla Ragland born December 17, 1999, Precious Ragland born March 20, 2001, and Brandon Ragland, Jr. born August 13, 2002, alleging the children to be neglected, abused and dependent. Mother of the children is appellant, Yalena Ragland; father is Brandon Ragland, although Mike Siebers has been named as a possible father for Precious.
 {¶ 2} A hearing was held on February 19, 2003. The trial court found Nyla to be neglected and Precious and Brandon to be dependent, and granted appellee temporary custody of the children. Appellant was to follow an approved case plan.
 {¶ 3} On October 2, 2003, appellee filed a motion for permanent custody based upon appellant's failure to comply with the case plan. A hearing was held on November 25, 2003. By judgment entry filed December 8, 2003, the trial court granted appellee permanent custody of the children.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court committed error when it granted Stark County Department of Job and Family Services motion for permanent custody and terminated the parental rights of the appellant because the decision is against the manifest weight of the evidence."
 I {¶ 6} Appellant claims the granting of permanent custody to appellee was against the manifest weight of the evidence. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279.
 {¶ 8} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 9} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 10} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 11} "(10) The parent has abandoned the child.
 {¶ 12} "(16) Any other factor the court considers relevant."
 {¶ 13} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 14} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 15} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 16} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 17} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 18} "(5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child."
 {¶ 19} The case plan contained the following objectives: submit to a psychological evaluation, attend parenting classes, obtain a substance abuse assessment and maintain stable housing and employment. T. at 11-13. Appellant submitted to the psychological evaluation wherein it was recommended she undergo one year of individual therapy. T. at 12. She attended the scheduled sessions sporadically. Id.
 {¶ 20} Appellant was unsuccessful four times in completing the Goodwill Parenting program. Id. She was terminated from the program because she did not attend. T. at 27. At the time of the hearing, she was enrolled in an alternative parenting program, but had missed three classes in the first two weeks. T. at 12. Appellant testified she missed the classes because she suffers from grand mal seizures and "almost died." T. at 30.
 {¶ 21} Appellant completed the substance abuse evaluation wherein it was recommended she receive outpatient treatment one time a week for two hours. T. at 12-13. She missed a "significant amount of the sessions," and last attended six months prior to the hearing. T. at 13.
 {¶ 22} Appellant obtained housing one month prior to the hearing, but was not available for the home call by the family service worker. Id. She "continues to remain unemployed." Id.
 {¶ 23} When the children were in appellee's temporary custody, appellant visited the children on June 13, 2003 and then moved to Virginia. T. at 10. She went to Virginia to "remove myself from the situation." T. at 28. She did not visit her children again until September 24, 2003. T. at 10.
 {¶ 24} While appellant testified she is now ready to complete the case plan, she failed to attend scheduled sessions in the first four months of the case plan and then "removed herself" from the area for the next three months. Upon return from Virginia, she again failed to attend scheduled sessions. T. at 12, 32. The father(s) have had no contact with appellee. T. at 7-8.
 {¶ 25} We find clear and convincing evidence that the children cannot be placed with appellant or the father(s) within a reasonable time.
 {¶ 26} As for best interests, the family service worker testified the children are placed together and the foster care family is interested in adopting all three. T. at 41. The foster care family takes care of the children's mental health and medical needs, and can provide stability. T. at 42, 47.
 {¶ 27} We find clear and convincing evidence that it is in the children's best interest to be provided with a stable home environment which can only be available through permanent custody.
 {¶ 28} Upon review, we find the trial court did not err in granting appellee permanent custody of the children.
 {¶ 29} The sole assignment of error is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Judgment affirmed.
Edwards and Boggins, JJ. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed.